IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Tyisha T. Brown, ) | |
| ) | C/A No. 3:13-1149-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Sam's East, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

      On April 29, 2013, Plaintiff Tyisha T. Brown filed the within action against her employer, Defendant Sam's East, Inc., asserting that she was discriminated against on the basis of her pregnancy and her race, in violation of Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

I. FACTS AND PROCEDURAL HISTORY

      Plaintiff, who is black, has been employed by Defendant since 2005. Plaintiff currently works full time as a cashier in Defendant's Columbia, South Carolina store. Plaintiff contends that she was discriminated against by George Turosik, a white store manager, during his tenure at Defendant's store commencing in approximately August 2011 until he was transferred to a different location in February 2013. Specifically, Plaintiff contends that in February 2012 she was pregnant and was discriminated against because (1) she was not placed in a full-time position in the tire mounting area (TMA) at Defendant's store, and (2) she received a verbal warning for failing to transfer six 25-pound bags of flour from a customer's cart to another cart, in accordance with store

policy. Plaintiff further alleges that Turosik (1) showed preferential treatment to a white cashier, and (2) hired two white females into positions for which they allegedly were not qualified.

This matter came before the court on motion for summary judgment filed by Defendant on September 8, 2014. Plaintiff filed a response in opposition to Defendant's motion on October 3, 2014, to which Defendant filed a reply on October 13, 2014. On May 19, 2015, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff failed to establish a prima facie case of pregnancy discrimination as to the tire department position. The Magistrate Judge also found that Plaintiff had failed to exhaust her administrative remedies as to her verbal warning claim. The Magistrate Judge further determined that Plaintiff failed to establish a prima facie case of race discrimination. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on June 5, 2015, to which Defendant filed a reply on June 22, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

## II. DISCUSSION

A.   Pregnancy Discrimination Claim

Plaintiff contends that the Magistrate Judge erred in concluding that she did not make out a claim of pregnancy discrimination. The court disagrees.

"'[A] claim of discrimination on the basis of pregnancy must be analyzed in the same manner as any other sex discrimination claim brought pursuant to Title VII.'" DeJarnette v. Corning Inc., 133 F.3d 293 (4th Cir. 1998) (quoting Boyd v. Harding Academy, 88 F.3d 410, 413 (6th Cir. 1996)). In a Title VII discrimination case, the plaintiff bears the ultimate burden of persuading the court that she has been the victim of intentional discrimination. Id. (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981)).

As to Plaintiff's contention that she was denied the TMA position because of her pregnancy, Plaintiff must follow the burden-shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the McDonnell Douglas framework, a plaintiff can establish a prima facie case by showing that (1) she was a member of a protected group, i.e., pregnant women; (2) she applied for the position in question; (3) she was qualified for that position; and (4) the defendant rejected her application under circumstances that give rise to an inference of unlawful discrimination. If a prima facie case is established, the burden then shifts "to the employer to articulate some legitimate, nondiscriminatory reason" for the decision not to promote. Id. at 802. After the employer states a reason for its decision, the plaintiff must show that the stated reason is a pretext for discrimination. Id. at 804. In a pregnancy discrimination case, the plaintiff thus bears the ultimate burden of establishing that the defendant discriminated against her "because of" her pregnancy. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005) (citing 42 U.S.C. §§ 2000e–2(a)(1) & (2)).

In this case, the Magistrate Judge found that, construing the facts in the light most favorable to Plaintiff, Plaintiff met the first two prongs of proving a prima facie case. However, as to the third prong, the Magistrate Judge noted that the TMA position included dismounting, mounting, and

balancing tires sold by Defendant. Plaintiff testified in her deposition that she had no prior experience with automobile or tire maintenance. Pl. Dep. 69, ECF No. 43-1, 18. Plaintiff testified that she was "pretty sure somebody could have helped me, you know, change the tire." Pl. Dep. 35, ECF No. 43-1, 10. Plaintiff contends in her objections that her deposition testimony "meant that she would only require a one-time showing of how to change a tire in order to continue performing that activity[.]" Pl. Objections, ECF No. 47, 4. Regardless of Plaintiff's ability to learn the skills necessary for the TMA position, it is undisputed that Plaintiff was not qualified for the position at the time she expressed an interest.

The Magistrate Judge further observed that, even if Plaintiff had made out a prima facie case of discrimination, she did not set forth evidence to overcome Defendant's proffered nondiscriminatory reasons for not choosing Plaintiff for the TMA position. The burden of production on Defendant to articulate a legitimate nondiscriminatory reason does not require the employer to persuade the court by a preponderance of the evidence that it was motivated by the proffered reason. Monroe v. Burlington Indus., Inc., 784 F.2d 568, 571 (4th Cir. 1986) (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). Here, among other things, Defendant contends that the person hired for the TMA position was more qualified than Plaintiff because he had general knowledge of automobile maintenance, which Plaintiff testified she did not.

Ultimately, the Magistrate Judge concluded that no reasonable jury would consider Plaintiff's application to have been rejected under circumstances giving rise to an inference of unlawful discrimination. Plaintiff asserts that Magistrate Judge impermissibly placed herself in the position of factfinder in reaching this conclusion. The court disagrees.

The fact that an employer hires a male into a position does not establish an affirmative

4

inference that the employer passed over the pregnant woman because of her pregnancy. See Miles v. Dell, Inc., 429 F.3d 480, 490 n. 7 (4th Cir. 2005). Further, the record discloses that two other employees in the tire mounting area as well as the decision-maker were pregnant at the time Plaintiff expressed an interest in the tire technician position. The Magistrate Judge properly concluded that summary judgment should be granted as to this issue.

Plaintiff next contends that the Magistrate Judge erred in finding Plaintiff had failed to exhaust her administrative remedies with respect to receiving a verbal warning while she was pregnant. Plaintiff concedes that the charge of discrimination makes no references to the verbal warning at issue. However, Plaintiff asserts that she has exhausted her administrative remedies because she included a reference to the verbal warning on the intake questionnaire she submitted to the EEOC.

Prior to pursuing a Title VII claim in federal court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014) (citing Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir.2009)). "'[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.'" Id. (quoting Hentosh, 767 F.3d at 416). The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. Id. (citing King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir.1976) (stating that a subsequent civil suit may encompass only the discrimination stated in the EEOC charge itself or developed in the course of a reasonable investigation of that charge)).

The primary objective of exhaustion requirements is to put parties on notice of the allegations

5

against them. Jones v. Southpeak Interactive Corp. of Delaware, 777 F.3d 658, 670 (4th Cir. 2015). Defendant contends that it did not receive a copy of the intake questionnaire completed by Plaintiff, and there is no evidence to suggest the contrary. The Magistrate Judge properly determined that Plaintiff failed to exhaust her administrative remedies as to the verbal warning. See Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013) (noting that the "intake questionnaire and letters submitted by the plaintiff to the EEOC cannot be read as part of her formal discrimination charge without contravening the purposes of Title VII). The Magistrate Judge properly concluded that summary judgment should be granted as to this issue.

B.   Race Discrimination Claim

Plaintiff contends that the Magistrate Judge erred in finding Plaintiff failed to make out a prima facie case of race discrimination. The court disagrees.

To withstand a motion for summary judgment, the nonmoving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. Whitaker v. Nash Cnty., 504 F. App'x 237, 239 (4th Cir. 2013). The Magistrate Judge determined that Plaintiff's allegations lacked specificity and were merely speculative. Plaintiff contends that the Magistrate Judge "again plac[ed] herself in the role of fact-finder." Pl. Objections, ECF No. 47, 7. Plaintiff contends that she and one purported comparator, Rachel, "were both generally employed as cashiers, were similar in age and experience, and that Rachel and Becky are white whereas Plaintiff is African-American." Id. However, as the Magistrate Judge properly determined, Plaintiff's unsubstantiated testimony does not suffice. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir.2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case.")). The Magistrate Judge properly concluded that

summary judgment should be granted as to this issue.

### III. CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant's motion for summary judgment (ECF No. 38) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 24, 2015